IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUGUSTINE FALLAY,

    Plaintiff,

v.

SAN FRANCISCO CITY AND COUNTY, et al.,

    Defendants.

No. C 08-2261 CRB

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

    Pro se Plaintiff Augustine Fallay alleges that he was the victim of a wide-ranging conspiracy that involved, among other things, his termination, investigation, and prosecution. In his Second Amended Complaint, Fallay sued four separate groups of Defendants: (1) David Carr and Bruce Whitten, both agents of the FBI, and the United States ("Federal Defendants"); (2) the City and County of San Francisco, the San Francisco Department of Building Inspection, the San Francisco District Attorney's Office, and City employees Lawrence Badiner, Craig Nikitas, Amy Lee, Karla Johnson, and Raymond Tang ("City Defendants"); (3) First American Specialty Insurance Company and employees Robert Dalton and Cindy Lloyd ("Insurer Defendants"); and (4) Tony Fu and Crystal Lei, private citizens. SAC ¶¶ 13-14. All of the defendants have moved to dismiss the SAC.

    For the reasons discussed below, the Court GRANTS, with prejudice, Defendants' Motions to Dismiss Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, those claims are dismissed for lack of subject matter jurisdiction. If Mr. Fallay so desires, he may re-file his state law claims in California Superior Court.

## BACKGROUND

Pro se Plaintiff Augustine Fallay is a black man of African ethnicity who worked as a manager in San Francisco's Department of Building Inspection from 1991 until he was terminated in 2005. SAC ¶¶ 13, 15, 16. According to Fallay, in 1999 and again in 2005, the FBI asked him to participate in a sting operation targeting senior level City officials. SAC ¶¶ 17, 36. Fallay refused to help the FBI on both occasions. SAC ¶¶ 18, 36.

Fallay's refusal to cooperate with the FBI had several negative consequences. He himself became the subject of an FBI investigation. SAC ¶¶ 20, 21. That investigation culminated in Fallay's detention and interrogation by FBI agents at his home in July 2005 and his arrest in August. SAC ¶¶ 37, 43, 44, 45. Following this arrest, the San Francisco District Attorney unsuccessfully tried Fallay on more than twenty counts of bribery.[1] SAC ¶ 43, 48, 59. In the midst of these legal difficulties, Fallay was terminated from his job. SAC ¶ 16.

Fallay now maintains that the FBI's investigation, his subsequent arrest, his prosecution by the San Francisco District Attorney, and his termination were motivated by discriminatory animus or were otherwise wrongful. He seeks to hold several parties responsible for these allegedly unlawful acts, including various federal and state officials and several private citizens.

In his SAC, Fallay asserts the following causes of action:

(1) A § 1981 claim against the Federal and City Defendants on account of their "intentional and purposeful discriminatory polices"; SAC at 32;

(2) A Fifth Amendment claim against the Federal Defendants for violating his Due Process rights on account of their "prolonged, arbitrary, detention [of him] in his home"; SAC at 32, 33;

---

[1] The jury acquitted Fallay on four counts and deadlocked on the remaining counts. FAC ¶ 33.

2

(3) A § 1983 claim against the Federal and City Defendants for violations of his Fourth Amendment rights;

(4) A § 1985 claim against all Defendants for conspiring to violate his Fourth, Fifth, and Fourteenth Amendment rights; SAC at 36;

(5) A Title VII employment discrimination claim against the City Defendants;[2]

(6) A claim arising under the California Constitution against the Federal Defendants and City Defendants for false arrest and imprisonment; SAC at 36;

(7) An alleged violation of Cal. Civ. Code § 52.1 against all Defendants; SAC at 37;

(8) An alleged violation of Cal. Civ. Code § 51.7 against all Defendants; SAC at 37;

(9) A state law malicious prosecution claim against all Defendants; SAC at 38;

(10) An intentional infliction of emotional distress claim against the Federal and City Defendants; SAC at 39;

(11) A breach of contract claim against the Insurer Defendants; SAC at 39.

Now pending before the Court are Defendants' motions to dismiss these claims.

## LEGAL STANDARD

For a complaint to survive a motion to dismiss, the nonconclusory factual content of the complaint (plus reasonable inferences drawn from that content) must plausibly suggest a claim entitling the plaintiff to relief. See Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.2009).

> A claim has facial plausibility ... when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

---

[2] Fallay does not expressly allege a Title VII claim. However, he asserts that he was "terminated from his management position because of his race." SAC ¶ 16. The Court therefore assumes he intended to allege a Title VII claim. *See Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (noting that "pro se pleadings are liberally construed, particularly where civil rights are involved").

3

Where, as here, the plaintiff is a pro se litigant, the plaintiff's complaint is "to be liberally construed" and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

## DISCUSSION

Fallay asserts several causes of action against the Federal Defendants. He also alleges several causes of action arising under federal law against the City Defendants and others. For the reasons stated below, these causes of action fail as a matter of law. Accordingly, the Court GRANTS Defendants' Motions to Dismiss Fallay's federal claims. In addition, because providing leave to amend these claims would be futile, the Court grants Defendants' motions to dismiss Fallay's federal claims without leave to amend. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.2002) (noting that "leave to amend need not be granted when amendment would be futile").

Fallay's remaining claims arise under state law. While this Court could elect to maintain jurisdiction over these claims under 28 U.S.C. § 1367, it chooses not to do so. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"). Accordingly, Fallay's state claims are dismissed for lack of subject matter jurisdiction.

### A. Fallay's Claims Against the Federal Defendants

In its Order granting Defendants' motions to dismiss Fallay's First Amended Complaint, the Court dismissed Fallay's claims against the Federal Defendants *with prejudice*. *See* Order Dismissing First Amended Complaint, December 21, 2009, at 2 (Docket Entry # 6) ("Plaintiff's claims against the Federal Defendants in their official capacities and in their individual capacities are dismissed *with prejudice*.") (emphasis added). Despite the Court's dismissal of Fallay's claims against the Federal Defendants with prejudice, Fallay reasserts the same causes of action in his Second Amended Complaint. His explanation for his reassertion of these claims is that he understood the Court's previous order as providing him with leave to amend. Oppn. at 2. That understanding was erroneous.

4

1  As noted, the Court explicitly stated that its dismissal was *with prejudice*, meaning *without*
2  leave to amend.  Because the Court previously dismissed Fallay's claims against the Federal
3  Defedants with prejudice, Fallay's attempt to renew these claims fails as a matter of law.

### B.  Fallay's § 1981, § 1983, § 1985, and Title VII claims against the City Defendants

Fallay's § 1981, § 1983, § 1985, and Title VII claims against the City Defendants are all time-barred.  California's two-year "statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985."  *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711-712 (9th Cir. 1993); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).  Fallay filed his initial Complaint against the City Defendants on April 30, 2008.  In order for his claims to be timely, then, they must have accrued no earlier than April 30, 2006.  As explained below, they did not.

#### 1.  § 1981 claim

Section 1981 "protects the equal right of 'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)).  "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."  *Id.* at 476.

In his Opposition, Fallay asserts that the "impaired contractual relationship" in this case was his employment relationship with the City.  Oppn. at 15.  Fallay's employment relationship with the City terminated on December 14, 2005.  SAC ¶ 16.  Thus, even assuming Fallay's employment relationship with the City qualifies as contractual relationship for § 1981 purposes, his § 1981 claim accrued when that relationship was terminated in December 2005, five months before the April 30, 2006 cut-off date.  Accordingly, his § 1981 claim is time-barred.

#### 2.  § 1983 claim

Fallay's § 1983 claim against the City Defendants is based on the "detention of Augustine Fallay in his home, and his subsequent arrest for bribery, corruption, [and]

5

Insurance fraud." SAC ¶ 70. The detention occurred on July 27, 2005 and Fallay was arrested on August 4, 2005. SAC ¶¶ 43, 44, Oppn. at 8. Fallay's § 1983 claim therefore also accrued several months before April 30, 2006.

### 3. § 1985

Fallay alleges that the City Defendants conspired to deprive him of his "fourth, fifth, and fourteenth Amendment rights," in violation of 42 U.S.C. § 1985(3). SAC ¶ 73. Fallay's Fifth Amendment claim is based on the "detention and custodial interrogation in his home for hours which occurred without due process of law." SAC ¶ 66. Fallay's Fourth and Fourteenth Amendment claims are rooted in the prolonged detention his home and his subsequent arrest. SAC ¶ 70. As noted, these events occurred in July and August 2005, well before the April 2006 limitations cut-off date.

### 4. Title VII claim

Assuming Fallay intended to assert a Title VII claim against the City Defendants for their allegedly unlawful termination of his employment, that claim too is time-barred. "Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge." *See Lewis v. City of Chicago*, 2010 WL 2025206 (U.S. May 24, 2010). In this case, Fallay's EEOC charge was due within 300 days of the date of his termination, December 14, 2005. *See* 42 U.S.C. § 2000e-5(e)(1). Fallay failed to meet this deadline. In fact, he has yet to file an EEOC charge at all. Accordingly, any Title VII claim that Fallay may have had against the City Defendants with respect to his termination is time-barred.

### 5. Equitable Tolling

In his Opposition, Fallay argues that his claims are not time-barred because the relevant statutes of limitations on those claims were subject to equitable tolling. Oppn. at 25. Specifically, Fallay asserts that a protective order that the City Defendants obtained in 2005 as part of their criminal case against Fallay prevented him "from communicating or using all or any information from the facts of this case for any purpose other than for his defense." *Id.* As a result, Fallay asserts that he was unable to bring his claims against the City Defendants until June 2007, when the protective order was lifted. He therefore maintains that the statute

6

of limitations on his federal claims against the City Defendants was subject to equitable tolling during the two years that the protective order was in place.

Fallay's equitable tolling argument is unavailing. To survive a motion to dismiss, the plaintiff must "adequately allege facts showing the *potential* applicability of the equitable tolling doctrine." *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Fallay's SAC is wholly devoid of such facts. Although Fallay's Second Amended Complaint is over 40 pages long and contains a lengthy recitation of the facts giving rise to his claims, he fails to even mention the protective order, let alone describe its contours. The SAC therefore lacks any factual assertions showing the potential applicability of the tolling doctrine.

Fallay does briefly discuss the protective order in his Opposition to the City Defendants' Motion to Dismiss. Oppn. at 26. Moreover, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). The Court finds that, even assuming Fallay amended his SAC to include the facts regarding the protective order that are contained in his Opposition, his equitable tolling argument would still fail, for two reasons.

First, Fallay failed, in his Opposition and at oral argument, to provide any details regarding the scope or nature of the protective order. In his Opposition, he states only that the order "forbad[e him] from communicating or using all or any information from the facts of this case for any purpose other than for his defense." Oppn. at 26. He provides no further information about the Order. He also failed to attach a copy of the protective order to his Opposition. This omission is noteworthy because Fallay did attach more than 30 pages of exhibits to his Opposition, including several documents related to his criminal prosecution. Oppn. Exs. A-F.  At oral argument, Fallay likewise failed to supply additional details regarding the protective order.  Thus, it appears to the Court that the only information Fallay can provide about the order is his conclusory assertion that it prevented him from filing his federal claims against the City.  The Court finds this single allegation insufficient to support

7

a plausible equitable tolling claim. As a result, providing Fallay with leave to amend is unnecessary.

Second, even were the Court to assume that the alleged protective order did, in fact, preclude Fallay from pursuing his federal claims, he would still be unable to state a valid equitable tolling claim.  Under California law, the doctrine of equitable tolling applies only where the plaintiff can show, among other things, that he provided the defendant with notice of his potential claim within the limitations period and that he acted diligently and reasonably in pursuing that claim.  *See Cervantes*, 5 F.3d at 1277.

Here, Fallay does not allege facts in his Opposition that would indicate that he placed the City Defendants on notice of his intention to bring the claims at issue or that he acted diligently or reasonably in pursuing those claims.  He does not assert, for example, that he sought relief from the protective order to file or otherwise protect his civil claims.  *See Cambridge Literary Properties, Ltd v. W. Goebel Porzellanfabrik*, 448 F. Supp. 2d 244, 264 (D. Mass. 2006) (holding that the statute of limitations was not tolled where the plaintiff failed to seek release from a protective order that allegedly prevented him from filing a timely suit).  Nor does he allege that he notified the City Defendants of his intention to file suit once the protective order was lifted or attempted to file his federal civil suit under seal. As a result, the Court finds Fallay has failed to allege facts, either in his SAC or in his Opposition, that support a plausible claim that he placed the City Defendants on notice, within the limitations period, of his intention to file the instant claims and that he acted reasonably and diligently in pursuing the claims at issue.  Accordingly, the Court finds that Fallay cannot plausibly state a claim for equitable tolling.

### 6. Summary

In sum, Fallay's federal claims against the City Defendants are all barred by the relevant statutes of limitations.  In addition, the Court finds that providing Fallay with leave to amend these claims would prove futile because he has failed to identify any additional facts that would, if included in an amended complaint, render those claims timely. Accordingly, the Court dismisses these claims *with prejudice*.

8

### C.     Fallay's § 1985 Claims against the Insurer and Private Citizen Defendants

To state a § 1985 conspiracy cause of action, the plaintiff must allege facts that would support a plausible finding that "some racial or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002). Though Fallay alleges, repeatedly, that the Federal and City Defendants acted with a discriminatory intent, he fails in his SAC, as he did in his FAC, to include even a single allegation that either the Insurer or the Private Citizen Defendants' actions were motivated by discriminatory animus. Fallay's failure to include such allegations is particularly striking in light of both the length and tenor of his SAC and the fact that he was on notice that his failure to include such allegations in his FAC was potentially fatal to his § 1985 claims.

Because Fallay has failed to allege that the purportedly unlawful actions of either the Insurer Defendants or the Private Citizen Defendants were motivated by a discriminatory animus, his § 1985 claims against them fail as a matter of law.[3] In addition, Fallay's failure to add such allegations despite having been previously provided with the leave to do so indicates to the Court that providing further leave to amend would prove futile. Accordingly, Fallay's § 1985 claims against these defendants are dismissed with prejudice.

### D.     Fallay's Remaining State Law Claims

Fallay's remaining causes of action arise under California law. The Court declines to exercise supplemental jurisdiction over these claims and therefore dismisses them for lack of subject matter jurisdiction.

The Court's subject matter jurisdiction over this action was initially premised on Fallay's federal claims. *See* SAC ¶ 12. Having dismissed those claims with prejudice, federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343 no longer exists. In such circumstances, the Court may decline to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to

---

[3] Fallay's § 1985 claims against the Insurer and Private Citizen Defendants are likely time-barred. Because his allegations against these Defendants are so vague, however, it is difficult to determine precisely when the events giving rise to Fallay's claims occurred.

9

exercise supplemental jurisdiction ... if ... the district court has dismissed all claims over which it has original jurisdiction. . . ."). The Court chooses to do so here. Accordingly, Fallay's remaining claims are dismissed for lack of subject matter jurisdiction.

### E.	Additional Motions

Private Citizen Defendant Lei has filed a Motion to Declare Fallay a Vexatious Litigant. As the Court explained at oral argument, that motion is DENIED.

Fallay has filed a Motion to Strike the Federal Defendants' Proposed Order and the City Defendants' Amended Reply. This motion is DENIED.

### CONCLUSION

For the reasons discussed above, the Court:

(1) GRANTS, with prejudice, Defendants' motions to dismiss Fallay's federal claims; and

(2) DISMISSES Fallay's remaining state law claims for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 22, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE