IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE FALLAY, | No. C 08-2261 CRB |
| Plaintiff, | **ORDER RE-SETTING DATES FOR MOTION FOR ATTORNEYS' FEES** |
| v. | |
| SAN FRANCISCO CITY AND COUNTY, et al., | |
| Defendants. | |

On December 4, 2015, the Court granted the Insurer Defendants'[1] Motion to Strike. See Mot. to Strike (dkt. 157); Order (dkt. 180). On December 18, 2015, the Insurer Defendants filed a Motion for Attorney Fees pursuant to California Code of Civil Procedure § 425.16(c). See generally Mot. for Fees (dkt. 183). Plaintiff Augustine Fallay's opposition to the Fees Motion was due on January 4, 2016. See Civil Local Rule 7-3(a). Rather than file an opposition, Plaintiff on January 13, 2016, filed an Ex Parte Application to Postpone the Hearing Date and for Extension of Time to Respond to FASIC's Motion for Attorney's Fees. See Application (dkt. 185). Plaintiff's Application asks the Court to (1) postpone the hearing on the Fees Motion until after the appeal of the Court's holding on the Motion to Strike; and (2) extend the time in which he may respond to the Fees Motion. Id. at 1–2.

---

[1] The Insurer Defendants are First American Specialty Insurance Company ("FASIC"), Robert Dalton and Cindy Lloyd.

Plaintiff's request for a lengthy or indefinite postponement of the hearing is denied. As Plaintiff seems to acknowledge, his appeal of the Motion to Strike was premature, because the Court's Order did not dispose of all claims against all defendants. See Application at 2 ("On the advice of the 9th Circuit Mr. Fallay will be filing a special motion to voluntarily withdraw his appeal temporarily until this court has issued its final decision"). Even if his appeal had been proper, this Court is permitted to award attorneys' fees notwithstanding an appeal. See Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed."); Fed. R, Civ. P. 54(d)(2), Notes of Advisory Committee on Rules-1993 Amendment ("If an appeal on the merits is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice. . . ."). The Court therefore will not postpone the hearing until after an appeal.[2] Nonetheless, to give Plaintiff some additional time to prepare an opposition, and in light of the Court's own scheduling conflicts, the Court will re-set the hearing on the Fees Motion for Friday, February 26, 2016. Plaintiff's opposition to the Fees Motion will be due on Friday, February 5, 2016, and FASIC's reply will be due on Friday, February 12, 2016.

**IT IS SO ORDERED.**

Dated: January 22, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also notes that he "intends to ask this court to reconsider its decision in the name of substantial justice and fairness, by taking a closer look at Mr. Fallay's responses to the Defendants' motions and to draw inferences from them." Application at 2. The Court does not understand the Application itself to be a request for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9, and the Court will not rule on a request that is not before it. Nonetheless, the Court notes that (1) the Application does not speak to any of the Rule 7-9(b) factors that would warrant reconsideration, and (2) the Application also does not identify any rule requiring the Court to postpone ruling on a fees motion while a reconsideration motion is being contemplated.