United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUGUSTINE FALLAY,

        Plaintiff,

  v.

SAN FRANCISCO CITY AND COUNTY,
et al.,

        Defendants.

                        /

No. C 08-2261 CRB

**ORDER GRANTING MOTION FOR FEES**

The Court recently granted Insurer Defendants'[1] special motion to strike based on California's anti-SLAPP statute, and specifically recognized that Insurer Defendants "are entitled to recover attorneys' fees and costs." Order re TAC (dkt. 180) at 18. Insurer Defendants now move to recover such fees and costs, see generally Mot. (dkt. 183), and the Court grants the motion, with some modifications.

## I.    BACKGROUND

Pro se plaintiff Augustine Fallay brought suit in 2008, alleging that three sets of defendants conspired in his termination, investigation, and prosecution. See generally Compl. (dkt. 1).[2] The complaint has had numerous iterations. Plaintiff filed a First Amended Complaint, see FAC (dkt. 17), Insurer Defendants and other defendants moved to dismiss,

---

[1] The Insurer Defendants are Defendants First American Specialty Insurance Company ("FASIC"), Robert Dalton and Cindy Lloyd.

[2] The Court has summarized Plaintiff's allegations elsewhere and will not repeat them here. See, e.g., June 2010 Order (dkt. 112); Order re TAC (dkt. 180).

United States District Court
For the Northern District of California

see FASIC MTD FAC (dkt. 27), and the Court dismissed, see December 2009 Order (dkt. 67).  Plaintiff filed a Second Amended Complaint.  See SAC (dkt. 68).  Insurer Defendants and other defendants moved to dismiss, see FASIC MTD SAC (dkt. 69),[3] and the Court dismissed, see June 2010 Order.  Plaintiff appealed.  See Notice of Appeal (dkt. 115).  The Ninth Circuit affirmed in part and reversed in part.  See generally Fallay v. City & Cty. of S.F., No. 10-16437 (9th Cir. 2015) (dkt. 143) ("Mem.").  Plaintiff filed a Third Amended Complaint, see TAC (dkt. 156), in response to which all three sets of defendants moved to dismiss, and the Insurer Defendants moved to strike.  See Insurer Defendants' Special Mot. to Strike and Mot. to Dismiss ("Anti-SLAPP Mot.") (dkt. 157); Federal Defendants' Mot. to Dismiss (dkt. 158); City and County Amended Mot. to Dismiss (dkt. 165).

Insurer Defendants' Motion to Strike argued that the entire action was a "SLAPP"—a Strategic Lawsuit Against Public Participation—subject to the anti-SLAPP provisions of California Code of Civil Procedure § 425.16, because it faulted the Insurer Defendants for "cooperating with law enforcement in turning over the insurer's file, and testifying at [Plaintiff's] trial."  See Anti-SLAPP Mot. at 2.  In its thirty-two page order on the Motions to Dismiss and the Motion to Strike, the Court agreed that Insurer Defendants had met both prongs of the anti-SLAPP statute (specifically, that Plaintiff's suit arose from a protected activity and that Plaintiff did not show a reasonable probability of prevailing on any of his causes of action), granted the Motion to Strike, and noted that Insurer Defendants were entitled to fees and costs under section 425.16(c)(1).  Order re TAC at 18.  The parties briefed Insurer Defendants' fees motion, and the Court took the matter under submission.  See Mot.; Opp'n (dkt. 194); Reply (dkt. 196); Order Vacating Hearing and Taking Matter Under Submission (dkt. 197).

## II.    LEGAL STANDARD

The "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Civ. Proc. Code § 425.16(c)(1).  "[A]ny SLAPP

---

[3] This Motion also argued that one of the claims in the Second Amended Complaint, for malicious prosecution, was a SLAPP.  Id. at 8–15.

1   defendant who brings a successful motion to strike is entitled to mandatory attorney fees."

2   Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001).  "[A] court assessing attorney fees begins

3   with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and

4   reasonable hourly compensation of each attorney . . . involved in the presentation of the

5   case." Id. at 1131-32.  An award of fees and costs in an anti-SLAPP case must be

6   reasonable, and courts have broad discretion in determining what is reasonable.  See

7   Metabolife Intern., Inc. v. Wornick, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002).  The

8   degree of success obtained is the most critical factor in determining a reasonable fee.  Farrar

9   v. Hobby, 506 U.S. 103, 114 (1992).

10  **III.   DISCUSSION**

11      Insurer Defendants seek a total of $110,724.82 in fees and costs, which appears to

12  represent all of the work that their counsel performed on this case since its inception.

13  See Mot. at 1, 3 ("Plaintiff's decision to file this action, seek massive damages based on

14  obviously protected activities, and continue to vigorously pursue amendment[] after

15  amendment of his complaint, forced the Insurer Defendants to incur more than $100,000 in

16  attorneys' fees and costs.  This includes the attorneys' fees the Insurer Defendants

17  necessarily and reasonably incurred in connection with the anti-SLAPP motion; and other

18  related litigation activities, such as reviewing and analyzing Plaintiff's complaint, filing an

19  earlier Motion to Strike, successfully opposing Plaintiff's appeal, filing the anti-SLAPP

20  motion, reviewing Plaintiff's opposition, preparing reply papers, preparing a motion to strike

21  Plaintiff's unauthorized sur-reply, [and] preparing for and attending the hearing on the anti-

22  SLAPP motion.").

23      Plaintiff opposes the fees motion on a number of grounds.  He argues first that the

24  Court was wrong to grant the anti-SLAPP motion.  See Opp'n at 2–5 ("The court agreed with

25  FASIC to strike Mr. Fallay's claims. . . . This was wrong. . . .").  But this fees motion is not

26  an appropriate forum for relitigating the anti-SLAPP motion, and indeed Plaintiff has filed a

27  motion for reconsideration, which the Court addresses in a separate order.  See Fallay Mot.

28  for Reconsideration (dkt. 192).  Plaintiff argues next that the fees motion is untimely.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  See Opp'n at 6–8 (relying on California Rule of Court 8.104(a)(c)).  But the Insurer

2  Defendants' motion is timely under both Rule 8.104(a)(c) and Local Rule 54-5(a), as the

3  Court issued its ruling on the Motion to Strike on December 4, 2015, and Insurer Defendants

4  filed their fees motion just fourteen days later.  See generally Order Granting Motion to

5  Strike; Granting in Part and Denying in Part Motions to Dismiss Third Amended Complaint;

6  Mot.  Plaintiff's contentions that "[t]he 9th circuit decision . . . is nine months too old

7  therefore time-barred," that "[t]he inclusion of the Second Amended complaint . . . was . . .

8  five years ago therefore time-barred" and that the "first Amended complaint" was dealt with

9  in 2009 and is therefore time-barred reflect a misunderstanding of the law.  See Opp'n at

10  6–8.  The fees motion could not have been filed at those earlier stages of the case, as Insurer

11  Defendants were not entitled to fees until the Court granted their anti-SLAPP motion.

12  See Cal. Code Civ. Proc. § 425.16(c)(1) (providing that "a prevailing defendant on a special

13  motion to strike shall be entitled to recover his or her attorney's fees and costs.").  Plaintiff

14  might well contend that time spent on earlier stages of the litigation is not reasonable, but he

15  points to no authority holding that such work is time-barred.  Finally, Plaintiff argues that the

16  fee request is not reasonable.  See Opp'n at 8–15.  The Court now turns to this last argument.

17  **A.    Hours Billed**

18  To determine the reasonable number of hours billed, courts are to evaluate the time

19  expended, the nature of and need for the services performed, and the relevant fee records.

20  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Plaintiff challenges the reasonableness

21  of the hours billed here on two grounds: first, that Insurer Defendants "seek recovery of all

22  [their] litigation fees for the entire litigation" and not just fees for work on the anti-SLAPP

23  motion, and second, that the hours spent were excessive.  See Opp'n at 8–15.

24  **1.    Fees for Other Work**

25  Plaintiff's first objection, that he should not be forced to reimburse Insurer Defendants

26  for work other than work on the anti-SLAPP motion, is mostly incorrect.

27  Work that is inextricably intertwined with an anti-SLAPP motion is compensable.

28  See Graham-Sult v. Clainos, No. 10-4877 CW, 2012 WL 994754, at *4 (N.D. Cal. Mar. 23,

4

United States District Court
For the Northern District of California

2012) (granting defendants' fee requests for work performed directly on anti-SLAPP motion, in addition to "inextricably intertwined" work on indemnity and case management issues), affirmed in part and vacated in part by Graham-Sult v. Clainos, 756 F.3d 724, 752 (9th Cir. 2013) ("district court did not abuse its discretion by awarding fees for these activities"); Henry v. Bank of Am., No. 90-628, 2010 WL 3324890, at *3–4 (N.D. Cal. Aug. 23, 2010) (including in anti-SLAPP fee award time spent litigating "discovery initiated by the opposing party . . . directly related to the motion to strike").[4]  Plaintiff cites Lafayette Morehouse, Inc. v. Chronicle Publishing Co., 39 Cal. App. 4th 1379 (1995), for the proposition that "a prevailing defendant on a motion to strike [is] allowed to recover attorney fees and costs only on the motion to strike, not the entire suit."  Opp'n at 8.  But Lafayette Morehouse has been superseded by statute; the California Legislature amended the anti-SLAPP statute in 1997 to explain that it should be "construed broadly."  See Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1183 (S.D. Cal. 2008); Metabolife Int'l, Inc., 213 F. Supp. 2d at 1223–24.  Courts now agree that a prevailing defendant may recover fees for work performed "in the context of, and . . . inextricably intertwined with, the anti-SLAPP motion."  See Metabolife, 213 F. Supp. 2d at 1223; see also Kearney, 553 F. Supp. 2d at 1184 ("where a defendant files 'motions to strike and to dismiss' that are 'based entirely on a common factual scenario . . . [a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned."); Minichino v. First Cal. Realty, No. 11-5185 EMC, 2012 WL 6554401, at *4 (N.D. Cal. Dec. 14, 2012) (holding, where motion to dismiss and motion to strike "were 'inextricably intertwined,' . . . [that] Defendants are entitled to recover the fees and costs incurred in bringing both motions.").

However, work performed on federal claims is not compensable.  See In re Critical Care Diagnostics, Inc. v. American Ass'n for Clinical Chemistry, Inc., No. 13-1308 L (WMC), 2014 WL 2779789, at *2 n.2 (S.D. Cal. June 19, 2014) ("The anti-SLAPP statute

_____

[4] Motions for fees under the anti-SLAPP statute are also compensable.  See Dowling v. Zimmerman, 85 Cal. App. 4th 1400, 1425 (2001).

may not be applied to matters involving federal questions.") (citing <u>Globetrotter Software, Inc. v. Elan Computer Group, Inc.</u>, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999)); <u>Lin v. Dignity Health-Methodist Hosp. of Sacramento</u>, No. 14-666 KJM CKD, 2014 WL 5698448, at *5 (E.D. Cal. Nov. 4, 2014) ("Only the time spent on the motion to dismiss with respect to dismissal of the state law claims is recoverable as a general matter."); <u>Kearney</u>, 553 F. Supp. 2d at 1184 (awarding fees on motion to dismiss federal claims "insofar as the work [performed] on their dismissal motion was premised on" the same legal bases used to dispose of state claims, but holding that "defendants' arguments concerning separate and distinct defenses concerning RICO, conspiracy to commit RICO violations, and section 1983 raised in the motion to dismiss[] will not be awarded.").

Insurer Defendants are therefore entitled to their attorneys' fees for work performed on their anti-SLAPP motion and the work inextricably intertwined with the anti-SLAPP motion, but not for separate work on Plaintiff's federal claims.

## 2.   Excessive Fees

Plaintiff's second objection, that the fees charged is excessive, is persuasive.

In support of their fee request, Insurer Defendants submit a declaration by Gary R. Selvin, a partner at the law firm of Selvin, Wraith Halman, which represents Insurer Defendants in this case. <u>See</u> Selvin Decl. ¶ 1. The declaration provides a narrative account of the procedural history in this case, <u>see id.</u> ¶¶ 6–15, describes an attempt to meet and confer, <u>id.</u> ¶¶ 16–17, and then summarizes the tasks undertaken by counsel (Mr. Selvin and three different associates), the time spent on each task, and the corresponding charges, <u>id.</u> ¶ 20. That task summary is as follows:

> 20.  The following is a summary of the tasks undertaken by myself and my associates, including the time spent and the corresponding charge:
>
> a.  Evaluating First Amended Complaint and Preparing Motion to Dismiss, including communicating with Plaintiff, researching and briefing motion and my attendance at the hearing.
>
> Gary R. Selvin          [15.6] hours          $3,198.00

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| | Melissa A. Dubbs | [95.0] hours | $19,475.00 |
| | Total | [110.6] hours | $22,673.00 |

b. Evaluating Second Amended Complaint and Preparing Motion to Dismiss/Motion to Strike, including communicating with Plaintiff, researching and briefing motion and my attendance at the hearing.

| | | | |
|---|---|---|---|
| | Gary R. Selvin | [11.8] hours | $2,419.00 |
| | Melissa A. Dubbs | [72.8] hours | $14,924.00 |
| | Total | [84.6] hours | $17,343.00 |

c. Evaluating Plaintiff's Appeal to Ninth Circuit, including researching and briefing opposition and additional re-briefing after Ninth Circuit appointed counsel to represent Plaintiff and my attendance at oral argument.

| | | | |
|---|---|---|---|
| | Gary R. Selvin | [141.9] hours | $8,589.50 |
| | Norman Lau[5] | [106.9] hours | $21,914.50 |
| | Nancy J. Strout[6] | [66.8] hours | $12,358.00 |
| | Total | [315.6] hours | $42,862.00 |

d. Case Management Following Remand to District Court.

| | | | |
|---|---|---|---|
| | Gary R. Selvin | [2.6] hours | $533.00 |
| | Nancy J. Strout | [2.8] hours | $574.00 |
| | Total | [5.4] hours | $1,107.00 |

e. Evaluating Third Amended Complaint and Preparing Motion to Strike/Motion to Dismiss, including researching and briefing motion and my attendance at the hearing.

| | | | |
|---|---|---|---|
| | Gary R. Selvin | [26.2] hours | $5,371.00 |
| | Nancy J. Strout | [72.7] hours | $14,903.50 |
| | Total | [98.9] hours | $20,274.50 |

---

[5] Norman Lau replaced Melissa Dubbs on this matter after she left the firm.

[6] Nancy Strout replaced Norman Lau on this matter after he left the firm.

f.      Preparing Motion for Fees and Costs, including researching and briefing motion, estimate of time to reply and estimate for my attendance at the hearing.

| | | |
|---|---|---|
| Gary R. Selvin | [6] hours | $1,230.00 |
| Nancy J. Strout | [19] hours | $3,895.00 |
| Total | [25] hours | $5,125.00 |

Id.  The Selvin Declaration also seeks $1,340.32 in costs, consisting of copying, service, filing and transportation costs.  Selvin Decl. ¶ 21.

The Court notes that there are no time sheets or billing records attached to the Selvin Declaration or otherwise submitted in connection with the fee request.  Accordingly, while the Court can observe based on Paragraph 20 that, for example, Melissa A. Dubbs spent 95 hours performing work in connection with the First Amended Complaint, "including communicating with Plaintiff, researching and briefing motion and my attendance at the hearing," see id. ¶ 20(a), the Court cannot discern whether Ms. Dubbs spent one hour conducting research, 95 hours conducting research, or some number in between.  Even if the Court could satisfy itself that Ms. Dubbs spent all of her time conducting research, the Court cannot accurately determine how much time Ms. Dubbs devoted to each of Plaintiff's claims.  This is unfortunate, and demonstrates why submitting a one paragraph "summary of tasks" is not advisable for a law firm that truly believes itself entitled to the full amount requested.  See Hensley, 461 U.S. at 433, 437 (fee applicant has burden of "documenting the appropriate hours expended" in the litigation and must "submit evidence supporting the hours worked.").[7]

Because the Court cannot with precision eliminate particular billing entries that are, in the Court's determination, either (1) not inextricably intertwined with the anti-SLAPP

---

[7]  Relatedly, the Court recognizes that there is authority for the proposition that the Court must have "substantial evidence" to support the amount of fees awarded.  See Macias v. Hartwell, 55 Cal. App. 4th 669, 676 (1997).  Here, while counsel's submissions in support of the fees motion cannot rightly be deemed substantial, the Court has the benefit of having observed counsel's work for the nearly eight years this case has been pending.  There is substantial evidence that counsel invested considerable time on this case, did good work on Insurer Defendants' behalf at every stage of the litigation, and obtained a high degree of success.

**United States District Court**
For the Northern District of California

1   motion or (2) excessive, the Court will have to approximate, using its broad discretion.  See

2   Ketchum, 24 Cal. 4th at 1132 ("The experiences trial judge is the best judge of the value of

3   professional services rendered in his court, and while his judgment is of course subject to

4   review, it will not be disturbed unless the appellate court is convinced that it is clearly

5   wrong.").  While approximation is not ideal, it is acceptable.  "If counsel cannot further

6   define his billing entries so as to meaningfully enlighten the court of those related to the [fee

7   claim], then the trial court should exercise its discretion in assigning a reasonable percentage

8   to the entries, or simply cast them aside." Bell v. Vista Unified Sch. Dist., 82 Cal. App. 4th

9   672, 689 (2000); see also Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.

10  1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987) ("Those hours

11  may be reduced by the court where documentation of the hours is inadequate; if the case was

12  overstaffed and hours are duplicated; if the hours expended are deemed excessive or

13  otherwise unnecessary."); Lin, 2014 WL 5698448, at *5 (holding, where counsel's fee

14  records were "too vague to support determination of which time is recoverable," that "up to

15  fifty percent of the arguments presented in support of defendants' motion to dismiss

16  overlapped and were inextricably intertwined with arguments presented in support of their

17  anti-SLAPP motion" and awarding fees accordingly).

18         Here, Insurer Defendants request 15.6 hours for Mr. Selvin's time and 95 hours for

19  Ms. Dubbs's time in connection with the First Amended Complaint.  See Selvin Decl.

20  ¶ 20(a).  The Court observes, however, that three of the seven claims addressed in the Insurer

21  Defendants' Motion to Dismiss the First Amended Complaint were federal claims, and that

22  the arguments Insurer Defendants made to dismiss them were particular to those federal

23  claims.  See generally FASIC MTD FAC.  Accordingly, to only capture work that is

24  inextricably intertwined with the anti-SLAPP motion,[8] the Court will reduce counsel's time

25

26         [8] The motions to dismiss argued, in part, that Plaintiff failed to state a claim as to the particular
    state law claims.  See generally id.; FASIC MTD SAC.  The anti-SLAPP motion also, in arguing that
27  Plaintiff could not show a reasonable probability of prevailing on his state law claims, argued that
    Plaintiff failed to state a claim as to those state law claims.  See generally Anti-SLAPP Mot.  Thus, the
28  work done on the motions to dismiss as to those state law claims is inextricably intertwined with and
    "laid the groundwork" for the anti-SLAPP motion.  See Manufactured Home Communities, Inc. v.

to 4/7 of the time sought— reducing Mr. Selvin's compensable hours to 8.8 and Ms. Dubbs's hours to 54.15.  Because Ms. Dubbs's hours also seem excessive for a straightforward motion to dismiss, the Court will further reduce them to 44.15.

Insurer Defendants request 11.8 hours for Mr. Selvin's time and 72.8 hours for Ms. Dubbs's time in connection with the Second Amended Complaint.  Selvin Decl. ¶ 20(b). Here, one of the five claims addressed in the Insurer Defendants' Motion to Dismiss and Special Motion to Strike the Second Amended Complaint was a federal claim not compensable under the anti-SLAPP statute.  See generally FASIC MTD SAC.  Accordingly, the Court will reduce counsel's time to 4/5 of the time sought—reducing Mr. Selvin's time to 9.44 and reducing Ms. Dubbs's time to 58.24.  Because Ms. Dubbs's time again seems excessive given the significant overlap between the First Amended Complaint and the Second Amended Complaint, the Court will further reduce it to 38.24.

Insurer Defendants request 141.9 hours for Mr. Selvin's time and 106.9 hours for Ms. Dubbs's time in connection with the appeal.  Selvin Decl. ¶ 20(c).  But, as Plaintiff argues, "only federal claims were on appeal before the 9th Circuit."  Opp'n at 6–7.  The Court's June 2010 Order, which was on appeal, had dismissed Plaintiff's federal claims against the Insurer Defendants, and declined to exercise supplemental jurisdiction over Plaintiff's state law claims.  See June 2010 Order at 9–10.  The Ninth Circuit's order affirmed the Court's ruling on those federal claims and vacated its dismissal of the state law claims.  See Mem. at 7–8 ("we leave the issue of whether or not supplemental jurisdiction should be exercised over the state law claims against the FASIC Defendants to be determined in the first instance by the district court.").  Accordingly, counsel's time on the appeal does not appear to the Court to be related to, let alone inextricably intertwined with, the work on the anti-SLAPP motion. The Court will not award counsel any time for its work on the appeal.

Insurer Defendants seek 2.6 hours for Mr. Selvin and 2.8 hours for Ms. Strout in connection with a case management conference.  Selvin Decl. ¶ 20(d).  The Court finds this time appropriate in light of the time counsel required to prepare for the hearing,

County of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011).

United States District Court
For the Northern District of California

notwithstanding Plaintiff's argument that the hearing "lasted for less than three minutes."
See Opp'n at 9.

Insurer Defendants seek 26.2 hours for Mr. Selvin and 72.7 hours for Ms. Strout in connection with the Third Amended Complaint, and specifically for preparing the anti-SLAPP motion.  Selvin Decl. ¶ 20(e).  As far as the Court can discern, all of the work counsel performed was compensable, but it was nonetheless excessive given the overlap between Insurer Defendants' arguments for why there was no possibility that Plaintiff would prevail on his state law claims and their earlier arguments that Plaintiff failed to state a claim as to his state law claims.  Compare FASIC MTD SAC at 5 ("Mr. Fallay has made no factual allegations that these Insurer defendants threatened him with violence or intimidated him by threat of violence.  Such allegations are a pleading prerequisite for asserting a cause of action under this statute. [citing Egan v. Schmock]."), with Anti-SLAPP Mot. at 8 ("The complaint is completely devoid of allegations any Insurer Defendant threatened him with violence or intimidated him by threat of violence, required to assert a cause of action for violation of Civil Code § 51.7 [citing Egan v. Schmock]."); cf. Reply at 5 (anti-SLAPP showing "is essentially the same showing they had to make for their 12(b)(6) motion.").  Accordingly, the Court will reduce Mr. Selvin's hours to 16.2 and Ms. Strout's hours to 42.7.

Insurer Defendants seek 6 hours for Mr. Selvin and 19 hours for Ms. Strout in connection for work on the pending fees motion.  Selvin Decl. ¶ 20(f).  The Court finds these hours appropriate.

Accordingly, Insurer Defendants are entitled to compensation for 189.93 hours of work in this case.

**B.     Rate**

To determine the reasonable hourly rate, courts are to look to the rates customarily charged for work of the type performed in the relevant legal community, the reputation and experience of the attorneys who performed the services, the quality of counsel's services on behalf of their client, the complexity of the work performed, and the results achieved. Pennsylvania v. Delaware Valley Citizens Council, 478 U.S. 546, 556-57 (1987).  Insurer

United States District Court
For the Northern District of California

Defendants seek a rate of $205 for Mr. Selvin, who has over thirty years of experience, has tried approximately 25 cases to verdict, has been retained as an expert on insurance matters, and has been selected as a Super Lawyer in recent years.  See Selvin Decl. ¶¶ 2, 18.  They also seek a rate of $205 for the senior associates who worked on the case ("each with over 15 years' experience").  Id. ¶ 18.[9]  Plaintiff does not challenge these rates as excessive and indeed the Court finds that they are below market given counsel's experience and success in this case.  See, e.g., Plevin v. City & Cty. of S.F., No. 11-2359 MEJ, 2013 WL 2153660, at *8 (N. D. Cal. May 16, 2013) (finding billing rate of $365 "consistent—if not less that—those of an attorney with similar experience and undertaking similar work in Northern California"); Smith v. Payne, No. 12-01732 DMR, 2013 WL 1615850, at *3 (N.D. Cal. April 15, 2013) (finding $465 hourly rate sought in connection with anti-SLAPP motion in this district "well within the range of reasonable hourly rates").  Accordingly, the Court will compensate counsel at a rate of $205 per hour.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Insurer Defendants' fee request and awards counsel <u>$38,935.65 in fees</u> (which represents 189.93 hours of work at a rate of $205 per hour) and <u>$697.38 in costs</u> (which represents Insurer Defendants' requested $1,340.32 minus the costs associated with the appeal, which amounted to $642.94, see Mot. at 3, Selvin Decl. ¶ 21(c)).

**IT IS SO ORDERED.**

Dated: March 8, 2016

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[9]  The declaration provides no further information about Ms. Dubbs's or Ms. Strout's backgrounds or practices, but the Court understands Mr. Selvin to be representing that, based on each attorney's $205 billing rates, each has over 15 years of experience.  See id.