IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUGUSTINE FALLAY,

    Plaintiff,

v.

SAN FRANCISCO CITY AND COUNTY, et al.,

    Defendants.

No. C 08-2261 CRB

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

The Court is in receipt of Plaintiff's Motion for Leave to File Motion for Reconsideration[1] (dkt. 192, hereinafter "Motion"), which urges the Court to reconsider its Order of December 4, 2015 (dkt. 180, hereinafter "Order") granting the Insurer Defendants'[2] Motion to Strike (dkt. 157, hereinafter "MTS") and granting in part and denying in part Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint (dkt. 158, hereinafter "Federal MTD"; dkt. 163, hereinafter "City MTD"). To be granted leave to file a motion for reconsideration, a party must demonstrate:

---

[1] Plaintiff captioned his Motion as a "Motion to Reconsider." A party must obtain leave of the Court to file a motion for reconsideration. See Civil L.R. 7-9(a). Accordingly, the Court considers this Motion as a motion for leave to file a motion for reconsideration.

[2] Plaintiff claims to be the victim of a conspiracy by three separate groups of Defendants: (1) FBI agents David Carr and Bruce Whitten; (2) the City and County of San Francisco, the San Francisco Department of Building Inspection, the San Francisco District Attorney's Office, and City employees Lawrence Badiner, Craig Nikitas, Amy Lee, Carla Johnson, and Raymond Tang; and (3) the Insurer Defendants, First American Special Insurance Company ("FASIC") and employees Robert Dalton and Cindy Lloyd. See generally TAC (dkt. 156).

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Plaintiff's Motion relies on the Rule's third prong. See Mot. at 4.

## I. Federal Defendants

Plaintiff's first argument is that the Court erred in granting the Federal Defendants' Motion to Dismiss, id. at 5–14, but Plaintiff fails to identify any material facts or dispositive legal arguments that the Court did not consider. Plaintiff instead attacks the Federal Defendants' claims, arguing that: (a) Plaintiff received a favorable outcome at trial; (b) the preliminary hearing did not establish probable cause; (c) the loan did not establish probable cause; (d) the District Attorney's prosecution did not break the chain of causation; (e) the TAC did not contain new pre-arrest conduct; and (f) the Bivens claim against the Federal Defendants is not time-barred. Id. at 4–5.

### A. Plaintiff Did Not Receive a Favorable Outcome at Trial

"An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such manner to indicate his innocence." Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing Heck v. Humphrey, 512 U.S. 477, 484–85 (1994)) (emphasis added). Plaintiff argues that the Court "misinterpreted" Awabdy given that Plaintiff's charges were dismissed "in furtherance of justice."[3] See Mot. at 6. Plaintiff fails to identify which dispositive legal argument the Court did not consider; instead, Plaintiff disagrees with the Court's interpretation of Awabdy. In the prior proceeding, the court declared a mistrial because of a hung jury. See Ex. B (Tr. of Jury Trial) (dkt. 164) at 4248; see also Fed. MTD at 11. A hung jury does not constitute a showing of a favorable outcome because it does not "indicate [Plaintiff's] innocence." See Order at 9 (quoting Awabdy, 368 F.3d at 1068). "A motion for

---

[3] Plaintiff also argues that the City incorrectly articulated the pleading standard for malicious prosecution claims. See Mot. at 6–7. The City's articulation is irrelevant to the question of whether there were dispositive legal arguments that the Court failed to consider. See Civil L.R. 7-9(b)(3).

2

reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made." United States v. Hector, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007). The Court need not rethink its decision. See id.

### B.  The Preliminary Hearing Established Probable Cause

"[I]t is a long-standing principle . . . that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes prima facie—but not conclusive—evidence of probable cause." Awabdy, 368 F.3d at 1067. A plaintiff can overcome this prima facie finding by showing that the prosecution "was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." See id. (citations omitted). Plaintiff argues that "documented evidence" shows that "probable cause was obtained through fraud and misrepresentation of material facts and fabrications." See Mot. at 13. Plaintiff fails, however, to identify in the record any "documented evidence" presented to the Court that the Court failed to consider. See Civil L.R. 7-9(b)(3).

### C.  The Loan Established Probable Cause

According to Plaintiff, "the facts" indicate that "the Defendant[s'] outright falsification, fraud and misrepresentation . . . nullifies the probable cause." See Mot. at 10. Plaintiff points to no fact in the record that the Court failed to consider. Plaintiff instead points to his own arguments from previous motions, oppositions, and replies. See, e.g., id. "A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made." Hector, 368 F. Supp. 2d at 1063; see also Civil L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."). Moreover, the Court did consider the facts—predominantly the $50,000 "loan" Plaintiff accepted without proper documentation or disclosure—and found that there was "a fair probability or substantial chance of criminal activity." See Order at 10 (quoting Lacy v. Maricopa Cnty., 693 F.3d 896, 918 (9th Cir. 2012)). Thus, the Court did not fail to consider material facts previously presented. See Civil L.R. 7-9(b)(3).

**D.     The District Attorney's Decision to Prosecute Broke the Chain of Causation**

A presumption exists that prosecutors exercise independent judgment. See Awabdy, 368 F.3d at 1067. In other words, "[a] prosecutor's independent judgment may break the chain of causation between the unconstitutional actions of other officials and the harm suffered by a constitutional tort plaintiff." See Beck v. City of Upland, 527 F.3d 853, 862 (9th Cir. 2008) (citing Hartman v. Moore, 547 U.S. 250, 262–63 (2006)). A plaintiff can rebut this presumption by "showing that the district attorney was pressured or caused by the investigating officers to act contrary to his independent judgment." See Harper v. City of Los Angeles, 533 F.3d 1010, 1027 (9th Cir. 2008) (citing Smiddy v. Varney, 665 F.3d 261, 266 (9th Cir. 1981)) (internal quotation omitted). "Such evidence must be substantial[.]" See id. (citation omitted). The Court found that Plaintiff failed to rebut the presumption that the District Attorney exercised independent judgment because Plaintiff did not point to any evidence showing what caused the District Attorney "to act contrary to his independent judgment." See Order at 11 (quoting Harper, 533 F.3d at 1027). Plaintiff argues that "the Federal Defendants definitely continued to work with the prosecutor and participated in every facet of the trial decisions from start to finish." Mot. at 14. Plaintiff again points to no fact in the record supporting this claim. Thus, he fails to identify a material fact that the Court overlooked. See Civil L.R. 7-9(b)(3).

**E.     Pre-Arrest Allegations are Outside the Scope Permitted by the Ninth Circuit**

Plaintiff argues at length that his claims regarding Defendants' pre-arrest conduct were not time-barred and that the pre-arrest facts "are not new." See Mot. at 8–10. Plaintiff's efforts are misplaced. The Court declined to reach those issues because the Ninth Circuit did not permit any of these claims when it reversed the Court's dismissal of Plaintiff's Bivens claim. See Order at 8. Plaintiff does not address the Court's conclusion that the TAC includes allegations beyond what the Ninth Circuit permitted, and therefore fails to identify facts or dispositive legal arguments the Court overlooked. See Civil L.R. 7-9(b)(3) (emphasis added).

**II.    FASIC Defendants**

In response to Plaintiff's TAC, FASIC Defendants filed an anti-SLAPP motion pursuant to California Code of Civil Procedure ("CCP") section 425.16. See generally MTS at 4–12. The Court

1  granted FASIC's motion to strike based in part on its finding that FASIC's alleged conduct
2  consisted of protected activity falling within California Code of Civil Procedure section 425.16(e).
3  See Order at 14.  Plaintiff argues that the Court's decision was "erroneously" based on a "mistaken
4  assumption" that FASIC's conduct is a protected activity under California Code of Civil Procedure
5  section 425.16(e).  In support of his argument, Plaintiff cites Flatley v. Mauro, which held that
6  uncontroverted and conclusively established illegal activity is not protected under CCP section
7  425.16(e).  See Mot. at 15–18 (citing Flatley v. Mauro, 39 Cal. 4th 299, 320 (2006)).  Plaintiff points
8  to no fact in the record evidencing "uncontroverted" or "conclusively established" illegal activity.
9  Moreover, Plaintiff merely rehashes arguments from briefs previously presented to the Court.  See,
10 e.g., Mot. at 15.  "A motion for reconsideration is not to be used as a means to reargue a case or to
11 ask a court to rethink a decision it has made."  Hector, 368 F. Supp. 2d at 1063; see also Civil L.R.
12 7-9(c).  The Court need not rethink its holding on the Motion to Strike.

**III.   City and County Defendants**

  **A.   Plaintiff's Section 1981 Claim Lacks the Requisite Contractual Foundation**

15 Section 1981 prohibits discrimination with respect to contracts "on account of [the
16 plaintiff's] race or ethnicity."  Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1123 (9th
17 Cir. 2008).  It is "well settled" that in California, the terms and conditions of public employment are
18 determined by statute, not by contract.  Miller v. State, 18 Cal. 3d 808, 813 (1977).  The Court thus
19 found that Plaintiff's position as a public employee with the Department of Building Inspection
20 lacked the requisite contractual foundation for a section 1981 claim against the City and County.
21 See Order at 20.  Plaintiff argues that the Court overlooked later cases "sharply limit[ing]" Miller,
22 and therefore erred in finding that Plaintiff lacked the contractual foundation for his section 1981
23 claim.  See Mot. at 22–24.  While Plaintiff is correct that subsequent cases have limited Miller, those
24 cases dealt with a public employee's unpaid compensation and health benefits and are thus not
25 controlling here.  See, e.g., Retired Emps. Assn. of Orange Cty., Inc. v. Cty. of Orange, 52 Cal. 4th
26 1171 (2011) (holding that a California county and its employees can form an implied contract
27 conferring vested rights to retirement health benefits); Sheppard v. N. Orange Cty. Reg'l
28 Occupational Program, 191 Cal. App. 4th 289, 311–13 (2010) (holding that employee's contractual

5

right to earned but unpaid compensation was protected by the contract clause of the State Constitution). Plaintiff fails to identify any case that has limited Miller with respect to a public employee's termination, which is what is at issue here. See TAC ¶ 108. The Court did not overlook Plaintiff's legal arguments; it simply did not accept Plaintiff's position and instead followed the general rule outlined in Miller. See Order at 20.

### B. The Court Gave Plaintiff Leave to Amend His Monell Claim

In Monell, the Supreme Court held that if the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[,] [then] the government as an entity is responsible under § 1983." Monell v. Dept. of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). In order to properly plead a Monell claim, Plaintiff must identify how "the municipality itself cause[d] the constitutional violation at issue." See City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). This is because "[r]espondeat superior or vicarious liability will not attach under § 1983." See id. (citation omitted); see also id. at 387 ("Nor, without more, would a city automatically be liable under § 1983 if one of its employees happened to apply the policy in an unconstitutional manner . . . ."). Plaintiff argues in his Motion that he properly pleaded a "policy or custom." See Mot. at 32. The Court disagrees; Plaintiff fails to identify any facts or legal arguments that the Court failed to consider. See Civil L.R. 7-9(b)(3). Moreover, the Court dismissed Plaintiff's Monell claim without prejudice after determining that Plaintiff did not properly allege his claim. See Order at 24–26, 32. However, Plaintiff failed to amend his complaint within thirty days of the Court's Order, and so that claim is now dismissed with prejudice.

Plaintiff is entitled to disagree with the Court, but such disagreement does not render the Court's analysis a manifest failure, nor warrant a motion for reconsideration that rehashes arguments already made in briefing. See Civil L.R. 7-9(c). Accordingly, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 8, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE