IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE FALLAY, <br><br> Plaintiff, <br><br> v. <br><br> SAN FRANCISCO CITY AND COUNTY, et al., <br><br> Defendants. | No. C 08-2261 CRB <br><br> **ORDER GRANTING CITY DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

The Court is in receipt of City Defendants'[1] Motion for Leave to File Motion for Reconsideration (dkt. 189, hereinafter "Motion"), which urges the Court to reconsider—in two respects—its Order of December 4, 2015 (dkt. 180, hereinafter "Order") granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (dkt. 163, hereinafter "City MTD"). The Motion argues: (1) Plaintiff's section 1983 claims against individual defendants Badiner, Johnson, and Nikitas are time-barred, and (2) the Court failed to rule on the timeliness of Plaintiff's section 52.1 claim. Id. To be granted leave to file a motion for reconsideration, a party must demonstrate one of the following:

---

[1] Plaintiff claims to be the victim of a conspiracy by three separate groups of Defendants: (1) FBI agents David Carr and Bruce Whitten; (2) the City and County of San Francisco, the San Francisco Department of Building Inspection, the San Francisco District Attorney's Office, and City employees Lawrence Badiner, Craig Nikitas, Amy Lee, Carla Johnson, and Raymond Tang; and (3) First American Special Insurance Company ("FASIC") and employees Robert Dalton and Cindy Lloyd. See generally TAC (dkt. 156).

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Defendants' Motion relies on the Rule's third prong. See Mot. at 1.

## I. Section 1983 Claims Against Badiner, Johnson, and Nikitas are Time-Barred

Defendants seek the Court's reconsideration of its Order with respect to Plaintiff's section 1983 claims against Defendants. They argue that the Court erred in denying their Motion to Dismiss Plaintiff's section 1983 claims as to individual defendants Lawrence Badiner, Carla Johnson, and Craig Nikitas[2] because those claims are barred by the statute of limitations. Id. at 3–6. In his Second Amended Complaint (dkt. 68, hereinafter "SAC"), Plaintiff asserted—among other things—section 1983 claims against Badiner, Johnson, and Nikitas based on malicious prosecution and the termination of his employment. See SAC ¶ 70. The Court dismissed these claims as time-barred because the statute of limitations for section 1983 employment claims in California is two years. See SAC Order (dkt. 112) at 5–6.

On appeal, the Ninth Circuit reversed the Court's SAC Order dismissing Plaintiff's section 1983 claims against the City Defendants, holding that the statute of limitations was instead governed by California Government Code section 945.3. See Fallay v. City & Cty. of S.F., 604 F. App'x 539, 541 (9th Cir. 2015) ("Regarding Fallay's § 1983 and § 1985 claims for false arrest, unlawful detention, and malicious prosecution, California Government Code § 945.3 tolled the statute of limitations during Fallay's criminal proceedings."). Plaintiff amended, and in his TAC, alleged section 1983 claims for malicious prosecution and termination of employment. See TAC ¶¶ 110–14. The Court dismissed Plaintiff's allegations of malicious prosecution on the grounds that Plaintiff failed to plead the necessary elements of a malicious prosecution claim. See Order at 24. However,

---

[2] Defendants do not seek reconsideration of the Court's ruling on the section 1983 claim against defendant District Attorney Investigator Raymond Tang. See Mot. at 1.

2

the Court denied Defendants' motion to dismiss Plaintiff's section 1983 employment claim and found that Plaintiff raised a plausible claim that public employees violated Plaintiff's constitutional rights while acting under the color of the law. See id. at 23–24.

Defendants now argue that the Court erred in denying their motion to dismiss, as Plaintiff's section 1983 employment claim—filed more than two years after his termination—is barred by the two-year statute of limitations. See Mot. at 4. Though the Ninth Circuit held that section 945.3 tolls the statute of limitations for Plaintiff's section 1983 claims against Defendants, Defendants argue that section 945.3 only applies to peace officers and thus does not apply to individual defendants Badiner, Johnson, and Nikitas. See id. at 6. Defendants are correct. Section 945.3 states, "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action . . . against a peace officer or the public entity employing a peace officer . . . while the charges . . . are pending . . . ." Cal. Gov't Code § 945.3 (emphasis added). Under section 945.3, the statute of limitations is "tolled during the period that the charges are pending . . . ." Id. It is undisputed that Defendants Badiner, Johnson, and Nikitas were employees of the Department of Building Inspection. See TAC ¶¶ 16, 18. Employees for the Department of Building Inspection are not peace officers. See Cal. Penal Code § 830.1 (defining persons who are peace officers). Therefore, section 945.3 does not apply to individual defendants Badiner, Johnson, and Nikitas. Because Plaintiff first filed suit on April 30, 2008—more than two years after his December 14, 2005 termination—his 1983 claim about his termination is indeed time-barred by the two-year statute of limitations. See Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711–12 (9th Cir. 1993); TAC ¶¶ 1, 64.

**II.    Section 52.1 Claim is Time-Barred**

Defendants also seek the Court's reconsideration with respect to Plaintiff's section 52.1 claim against Defendants. In its motion to dismiss Plaintiff's TAC, the City Defendants argued that all of Plaintiff's state law claims were time-barred. See City MTD at 21–22. The Court dismissed all of the state law claims against individual defendant Tang as time-barred, and dismissed other state law claims on other grounds, but failed to rule on whether Plaintiff's section 52.1 claim as to the remaining City Defendants was also time-barred. See id. at 27–31. Defendants now argue—and

3

the Court agrees—that the section 52.1 claim based on Plaintiff's detention, arrest, and termination is time-barred as to the remaining City Defendants. See Mot. at 6–7. Under section 911.2 of the California Government Code, a claim against public entities and public employees relating to a cause of action for injury must be filed within six months of the accrual of the cause of action. Plaintiff filed his government claim—based on his detention, arrest, and termination—on October 22, 2007, more than six months after his July 27, 2005 detention, August 4, 2005 arrest, and December 14, 2005 termination. See Ex. D (dkt. 164-4); TAC ¶ 26, 64, 86. The Court cannot extend time for purposes of Plaintiff's state law claims against the City Defendants. See Cal. Gov't Code § 945.3 ("[T]his section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2."). Thus, Plaintiff's section 52.1 claim against the remaining City Defendants is time-barred.

Accordingly, because the Court failed to consider dispositive legal arguments with respect to Plaintiff's section 1983 claim (as to Badiner, Johnson and Nikitas) and section 52.1 claim (as to Badiner, Johnson, Nikitas and the City), see Civil L.R. 7-9(b)(3), and because the claims are indeed time-barred, the Motion is GRANTED. Those claims are DISMISSED.

**IT IS SO ORDERED.**

Dated: March 8, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE