IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE FALLAY, <br><br> Plaintiff, <br><br> v. <br><br> SAN FRANCISCO CITY AND COUNTY, et al., <br><br> Defendants. | No. C 08-2261 CRB <br><br> **ORDER GRANTING MOTION FOR CERTIFICATION OF JUDGMENT AS FINAL** |

This Court recently granted Insurer Defendants'[1] Motion to Strike the entire Third Amended Complaint as to them, holding that it violated California's anti-SLAPP law. See Order on TAC (dkt. 180) at 18. The Court then awarded Insurer Defendants fees and costs for work incurred in conjunction with the anti-SLAPP motion and work inextricably intertwined with the anti-SLAPP motion. See generally Order re Fees (dkt. 199). Plaintiff promptly filed a Re-Notice of Appeal (dkt. 205), although the Court had not yet entered judgment. Insurer Defendants now move the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b), arguing that although the Court has resolved "fewer than all" of Plaintiff's claims with respect to all defendants, it has resolved all claims as to them, and the sole claim that remains in the case is wholly unrelated to them. See generally Mot. (dkt. 208); Fed. R. Civ. P. 54(b). Plaintiff, despite his apparent wish to appeal, opposes the motion, and Insurer Defendants replies. See Opp'n (dkt. 210); Reply (dkt. 214).

---

[1] The Insurer Defendants are First American Specialty Insurance Company, Robert Dalton and Cindy Lloyd.

The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and GRANTS the motion.

Rule 54(b) gives the Court discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); Curtiss-Weight Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal."). There is no just reason for delay. Insurer Defendants have had to litigate, for seven years, a case arising from protected activity and upon which Plaintiff cannot show a reasonable probability of prevailing. See Order re TAC at 13–18. The claims Plaintiff brought against Insurer Defendants involved their having allegedly turned over to the FBI Plaintiff's insurance file. See id. at 13. The claim remaining in the case today, brought against investigator Raymond Tang, involves his having allegedly impeded Plaintiff's movement and refused to let him call an attorney while executing a search warrant. Id. at 22–23. The claims are legally and factually distinct. See Gregorian v. Izvestia, 871 F.2d 1515, 1520 (9th Cir. 1989) (finding district court properly granted 54(b) certification where IIED claim and libel claim, though interrelated, involved "substantially different" factual and legal issues).

Entry of judgment here "will aid 'expeditious decision' of the case," see Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991), and further the purpose of the anti-SLAPP statute, see Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 837 n.7 (9th Cir. 2001) ("purpose of the statute is to protect individuals from meritless, harassing lawsuits. . . ."). Accordingly, the motion is GRANTED.

**IT IS SO ORDERED.**

Dated: May 9, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE