UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE FALLAY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 08-cv-02261-CRB   (JCS)<br><br>**ORDER IMPOSING SANCTIONS AFTER ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 239 |

## I.   INTRODUCTION

The Court entered a monetary judgment against Plaintiff Augustine Fallay in favor of Defendants First American Specialty Insurance Company ("FASIC"), Robert Dalton, and Cindy Lloyd (collectively, the "FASIC Defendants") and referred an application for a judgment debtor examination to the undersigned magistrate judge. Fallay twice failed to comply with the Court's orders to bring various documents to judgment debtor examinations and to produce them to the FASIC Defendants. The Court issued an order to show cause why Fallay should not be sanctioned, and the FASIC Defendants requested $4,067.38 in attorneys' fees and costs. The Court held a hearing on November 4, 2016, and Fallay substantially complied with his document production obligations on that date. For the reasons discussed below, Fallay is ORDERED to pay the FASIC Defendants' fees and costs totaling $3,918.42 as a sanction for his earlier noncompliance with court orders.

## II.   BACKGROUND

Fallay, a former employee of the San Francisco Department of Building Inspection, brought this action against a number of defendants in 2008, alleging racial discrimination by law enforcement agents, violations of other civil rights, and malicious prosecution. *See generally* Compl. (dkt. 1). His malicious prosecution claim alleged that defendants including FASIC and

Dalton instigated criminal prosecution of Fallay for bribery and insurance fraud. *See id.* ¶ 43. Fallay's First Amended Complaint also named Lloyd as a defendant. *See* 1st Am. Compl. ¶¶ 9, 27. On June 22, 2010, the Court dismissed all of Fallay's federal claims with prejudice and declined to exercise jurisdiction over his state law claims. *See generally* Order Granting Mots. to Dismiss (dkt. 112).[1] Fallay appealed, and the Ninth Circuit affirmed dismissal of his federal claims against the FASIC Defendants but reversed as to other defendants, and vacated the dismissal of Fallay's state law claims against the FASIC Defendants to allow the district court to determine in the first instance whether to exercise supplemental jurisdiction over those claims in light of the Ninth Circuit's holding as to other defendants. Ninth Cir. Mem. Op. (dkt. 143).[2] After Fallay filed a Third Amended Complaint including a number of claims against the FASIC Defendants, the Court granted the FASIC Defendants' motion to strike under California's anti-SLAPP law and held that they were entitled to attorneys' fees. Order Granting Mot. to Strike, Granting in Part and Denying in part Mots. to Dismiss 3d Am. Compl. (dkt. 180) at 11−18.[3] The Court granted the FASIC Defendants' motion for attorneys' fees with only minor modifications, awarding the FASIC Defendants $38,935.65 in fees and $697.38 in costs, and entered judgment against Fallay in the total amount of $39,633.03 on May 9, 2016. Order Granting Mot. for Fees (dkt. 199)[4]; Judgment (dkt. 216).

The FASIC Defendants applied for a judgment debtor examination of Fallay, and Judge Breyer referred that matter to the undersigned magistrate judge. Order of Reference (dkt. 219). The undersigned ordered Fallay to appear for an examination on August 26, 2016. 1st Order for Examination of Judgment Debtor (dkt. 220). The undersigned issued an amended order on August 16, 2016 requiring Fallay to bring various categories of documents to the August 26 examination. Amended Order for Examination of Judgment Debtor (dkt. 223).

Fallay appeared on August 26, 2016, but brought no documents with him and informed the

---

[1] *Fallay v. City & Cty. of San Francisco*, No. C 08-2261 CRB, 2010 WL 2560446 (N.D. Cal. June 22, 2010).
[2] *Fallay v. City & Cty. of San Francisco*, 604 F. App'x 539 (9th Cir. 2015).
[3] *Fallay v. City & Cty. of San Francisco*, No. C 08-2261 CRB, 2015 WL 7874312 (N.D. Cal. Dec. 4, 2015).
[4] *Fallay v. City & Cty. of San Francisco*, No. C 08-2261 CRB, 2016 WL 879632 (N.D. Cal. Mar. 8, 2016).

FASIC Defendants' counsel that he did not intend to answer any questions. Fallay stated on the record that he did not believe the examination should go forward because he had appealed the judgment against him. The Court informed Fallay that an appeal does not automatically stay the judgment, and that failure to comply with court orders can result in contempt. The Court instructed Fallay to answer defense counsel's questions and to return on September 30, 2016 with the documents. Fallay said that he would do so under protest. Defense counsel moved on the record for an award of fees, which the Court declined to address at that time. *See* Aug. 26, 2016 Civ. Minute Order (dkt. 226).

The Court issued another order on August 30, 2016 (signed August 29, 2016) requiring Fallay to produce documents at the September 30, 2016 examination. 2d. Am. Order for Examination of Judgment Debtor (dkt. 230). On September 23, 2016, the Ninth Circuit denied Fallay's emergency motion to stay the judgment. Ninth Cir. Order (dkt. 232).

Fallay appeared on September 30, 2016 and requested to speak to the Court before the examination began. Fallay informed the Court that the Ninth Circuit denied his request for a stay and that he had documents ready to file for bankruptcy, but had not yet filed them. Fallay indicated that he would have filed for bankruptcy before that date but had hoped that the FASIC Defendants would agree to a resolution involving a bond or lien on his home.

The Court stated that Fallay had agreed to appear and answer the FASIC Defendants' questions, but Fallay denied having agreed to that. Fallay then stated that he did not bring any of the documents that he was ordered to produce, and that the documents were at his home in Oakland. Defense counsel requested that Fallay be sanctioned for noncompliance with a court order, and the Court informed Fallay that it would issue an order to show cause why he should not be sanctioned. The Court told Fallay that he could file an opposition on October 11, 2016, and that the FASIC Defendants' reply would be due October 13, 2016. At Fallay's request, the Court set a hearing for November 4, 2016. The Court explained, however, that Fallay could moot the need for a sanctions hearing by immediately following the Court's order and cooperating with the FASIC Defendants' document requests: "I'm just telling you that the way to solve this problem is to cooperate with them—not pay them the money, not settle the debt, [but] give them the

1   information and documents they desire.  If you do that, then I would consider expunging the order
2   to show cause."
3         The FASIC Defendants filed a memorandum in support of sanctions, in which they argue
4   that Fallay should be required to pay their costs and attorneys' fees totaling $4,067.38.  *See*
5   *generally* FASIC Mem. (dkt. 238).  The FASIC Defendants cite the Court's inherent authority to
6   manage its affairs, the Court's contempt power, and California law as grounds for imposing such a
7   sanction.  *Id.* at 3.  Defense counsel Nancy Strout submitted a declaration setting forth Fallay's
8   conduct thus far and breaking down the FASIC Defendants' fees and costs, which include 7.5
9   hours of attorney time at $205 per hour preparing for and attending judgment debtor examinations,
10  7 hours of actual and anticipated time briefing and arguing the present motion at $205 per hour,
11  $1020 of actual and anticipated court reporter costs, and $74.88 for travel and parking.  *See*
12  *generally* Strout Decl. (dkt. 238-1).
13        On October 13, 2016, the FASIC Defendants filed a notice and declaration stating that
14  Fallay failed to file his opposition brief on October 11, 2016, as required.  *See* Notice of Failure to
15  File (dkt. 240); Strout Supp'l Decl. (dkt. 240-1).  Fallay filed his opposition brief later the same
16  day.  *See generally* Opp'n (dkt. 242).  On October 17, 2016, Fallay filed a statement that his
17  opposition was timely based on the minute order appearing at docket entry 235, which, due to a
18  typographical error, stated that both Fallay's opposition and the FASIC Defendants' reply were
19  due on October 13.  *See* dkt. 244 (attaching dkt. 235).  The same day, the FASIC Defendants filed
20  their reply, which states that the Court would be justified in disregarding the late-filed opposition,
21  but requests that if the Court considers the opposition, it also consider the reply.  *See generally*
22  Reply (dkt. 243).
23        Although Fallay is correct that the first version of the minute order erroneously stated that
24  his opposition would be due October 13, the Court advised him of the October 11 deadline at the
25  September 30 judgment debtor examination, and also issued and served on Fallay *two* amended
26  minute orders correcting the error and stating the correct deadline of October 11.  *See* dkts. 236,
27  237.  Fallay's reliance on the erroneous minute order therefore suggests gamesmanship if not bad
28  faith.  Nevertheless, because the first minute order did state a deadline of October 13, and because

4

the briefing schedule left ample time for the Court to consider the parties' submissions before the hearing, the Court considers both the arguments of Fallay's opposition and those of the FASIC Defendants' reply.

Fallay's opposition brief states that his failure to bring documents to the examinations stemmed from misunderstandings, particularly his mistaken belief that he would receive a stay under California law while his appeal was pending before the Ninth Circuit, and his mistaken belief that he could resolve his dispute with the FASIC Defendants at the second examination by reaching an agreement to post a bond. Opp'n at 1−3. Fallay also questions whether the authorities cited in the FASIC Defendants' memorandum, particularly section 708.170(a)(2) of the California Code of Civil Procedure, authorize the Court to impose sanctions where Fallay appeared at the examinations but failed to bring documents. *Id.* at 3−4. Fallay also disputes certain aspects of the fees and costs that the FASIC Defendants seek. *See id.* at 5−6. His opposition brief attaches several emails between Fallay and defense counsel. *Id.* Exs. 1−5.

The FASIC Defendants' reply asserts that Fallay is lying to the Court that his failure to bring documents was based on a good faith mistake. *See generally* Reply. The FASIC Defendants note that although Fallay is not admitted to the California Bar, he holds both a J.D. and an LL.M., and therefore should be treated as a sophisticated litigant. *Id.* at 2. They request that a third judgment debtor examination be set to coincide with the show cause hearing, and that the Court find Fallay in contempt and consider imposing jail time if he fails to bring documents to that examination. *Id.* at 3.

On November 4, 2016, Fallay appeared with responsive documents, made those documents available to the FASIC Defendants as required by the Court, and submitted to a third judgment debtor examination. The Court took the issue of sanctions under submission.

### III. ANALYSIS

#### A. Legal Standard

When a judgment has been entered against a party, the opposing party entitled to collect that judgment may conduct broad discovery of the judgment debtor's assets. *See* Fed. R. Civ. P. 69(a)(2). "If a party . . . fails to obey an order to provide or permit discovery," the Federal Rules

5

of Civil Procedure provide that "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C); *see, e.g.*, *Odnil Music Ltd. v. Katharsis LLC*, No. CIV S-05-0545 WBS EFB, 2007 WL 1703763 (E.D. Cal. June 11, 2007) (imposing sanctions of attorneys' fees for a judgment debtor's failure to cooperate with discovery). Sanctions, including awards of attorneys' fees, for failure to abide by discovery orders fall within magistrate judges' authority to issue non-dispositive orders. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240−41 (9th Cir. 1991).

### B. The FASIC Defendants Are Entitled to Their Costs and Fees

Here, Fallay twice failed to follow orders compelling him to bring documents to judgment debtor examinations for the FASIC Defendants' inspection.[5] Fallay contends that his failure resulted from his "lack of understanding of the court process," but the Court's orders were unambiguous as to his obligation to bring documents to the examination, and after Fallay failed to bring the documents to the first examination, the Court made very clear on the record that he must bring them to the second examination.

To the extent that Fallay argues that his communications with defense counsel confused him about his obligations, *see* Opp'n at 2−3, the correspondence attached to his own opposition brief makes clear that defense counsel repeatedly reminded him that he was required to bring the documents. In an email dated September 26, 2016, the FASIC Defendants' attorney Nancy Strout wrote, "Please remember, however you are under court order to appear on Friday September 20 *with all the documents set forth in the order* and truthfully answer all questions put to you at that time." Opp'n Ex. 2 (emphasis added). An email from Strout to Fallay dated September 27, 2016, reads as follows:

> We have begun the process of obtaining a lien on your residence. This does not stay the enforcement of the judgment and you are still

---

[5] In his opposition brief, Fallay states that he "appeared in this Court as ordered with his house papers" on September 30, 2016. Opp'n at 3. At that hearing, Fallay informed the Court that he "didn't bring any of the documents they are asking for." Even if Fallay in fact, contrary to his representation to the Court at the time, brought relevant documents with him, he did not produce them as required by the Court's order. *See* dkt. 230.

> under court order to appear on Friday September 30 before Judge Spero *with all the documents set forth in the order* and truthfully answer all questions put to you at that time.

*Id.* Ex. 4 (emphasis added).

Even assuming for the sake of argument that Fallay actually believed that he was not required to bring documents to the September 30, 2016 examination, such belief was objectively unreasonable in light of the Court's order, the Court's admonishment on the record at the previous examination, and defense counsel repeatedly reminding Fallay to bring the documents. Moreover, if Fallay was in fact confused about his obligations, the Court made clear on the record on September 30 that he could avoid sanctions by producing the documents immediately after that date. Fallay did not do so for more than a month. Although the Court appreciates that Fallay ultimately complied with his obligations on November 4, 2015, the FASIC Defendants incurred significant costs as a result of Fallay's repeated noncompliance with the Court's orders before that date. The Court finds no substantial justification for Fallay's repeated noncompliance, nor other circumstances that would make an award of attorneys' fees unjust. The FASIC Defendants are therefore entitled to their reasonable costs and attorneys' fees caused by that noncompliance. *See* Fed. R. Civ. P. 37(b)(2).

### C. Reasonable Costs and Fees Total $3,937.38

Fallay "strenuously objects" to the following aspects of the FASIC Defendants' request for fees and costs: (1) three hours spent to prepare their present memorandum in support of sanctions; (2) four hours anticipated to prepare the present reply and appear at the hearing on November 4, 2016; (3) $575 for the court reporter's services at the August 26, 2016 judgment debtor examination; (4) $445 for the court reporter's services at the September 30, 2016 judgment debtor examination; and (5) $74.88 for the FASIC Defendants' attorney's travel and parking. Opp'n at 5−6.

Addressing these items in turn, the Court finds three hours to be a reasonable amount of time for an attorney to spend preparing even a short memorandum of points and authorities, and four hours to be a reasonable estimate of the amount of time required to draft a reply brief and prepare for oral argument.

As for the court reporter's fees, defense counsel has no control over the rates that the reporter charges, and Fallay's noncompliance with court orders created the need for a reporter to attend three judgment debtor hearings instead of only one. The Court agrees with Fallay, however, that he did answer defense counsel's questions at the first examination and that costs of time spent actually transcribing that examination is therefore not attributable to his noncompliance with document production. Accordingly, the FASIC Defendants' recovery of court reporter costs is reduced to only the two extra minimum charges ($295 each) and attendance fees ($150 each) that resulted from having three examinations instead of one, for a total of $890.

Finally, with respect to travel costs, Strout's declaration does not itemize the $74.88 that she claims, and the FASIC Defendants' reply brief does not address this issue. Defense counsel's office is approximately twelve miles from the courthouse. For two unnecessary judgment debtor examinations caused by Fallay's noncompliance, counsel therefore traveled a total of 48 miles. The federal government reimburses private vehicle travel at 54 cents per mile, which would entitle defense counsel to $25.92 for mileage. Accepting the parking cost stated by Fallay of $15 per day, *see* Opp'n at 5, defense counsel is entitled to $30 for parking at two unnecessary appearances, resulting in total travel costs of $55.92.

Accordingly, the Court awards the FASIC Defendants all of the fees and costs requested, except that court reporter costs are reduced from $1020 to $890 and travel costs are reduced from $74.88 to $55.92. The FASIC Defendants shall therefore recover their fees and costs totaling $3,918.42 as a result of Fallay's noncompliance with court orders.

**IV.    CONCLUSION**

For the reasons discussed above, Fallay is ORDERED to pay the FASIC Defendants $3,918.42 as a sanction for his noncompliance with court orders, in addition to the judgment already due.

Fallay, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance in the event of any further proceedings in this action or further confusion regarding his obligations. The San Francisco Legal Help Center office is located in Room 2796 on the 15th

8

floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: November 4, 2016

JOSEPH C. SPERO
Chief Magistrate Judge