UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINE FALLAY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 08-cv-02261-CRB (JCS)<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR ISSUANCE OF WITHHOLDING ORDER SHOULD NOT BE GRANTED**<br><br>Re: Dkt. No. 257 |

Defendants and judgment creditors First American Specialty Insurance Company and related parties (collectively, the "FASIC Defendants"), having obtained a judgment in their favor against pro se plaintiff Augustine Fallay ("Augustine"), move for issuance of a withholding order garnishing the wages of Augustine's wife, Zainab Fallay ("Zainab").[1] Augustine filed an opposition brief, the FASIC Defendants filed a reply, and the motion was initially set for a hearing on August 11, 2017. On July 25, 2017, Zainab filed a letter to the Court stating that she is separated from Augustine, that she has not been involved with this case, that she only recently received notice of the present motion from Augustine, and that she would not be able to attend the August 11 hearing due to the recent death of her and Augustine's son. The Court continued the hearing to August 25, 2017, and Augustine and counsel for the FASIC Defendants appeared on that date, although Zainab did not. The Court instructed the parties at the hearing to consider whether the motion could be resolved without a ruling. On September 1, 2017, the FASIC Defendants filed a letter indicating that the parties were not able to reach such a resolution and requesting that the Court rule on the motion. In light of an error by the Court, however, fairness counsels that the parties be given one further opportunity to submit relevant evidence.

---

[1] For clarity and ease of reference, this order refers to Augustine Fallay and Zainab Fallay by their first names. No disrespect is intended.

Although debts incurred during marriage can often implicate community property, which generally includes wages of either spouse, wages of one spouse *after separation* are separate property, and as such are not subject to garnishment for the judgment debt of another spouse. *See* Cal. Fam. Code §§ 771(a), 910, 913(b)(1). The Court stated in its July 26, 2017 order continuing the hearing, and again on the record at the August 25, 2017 hearing, that the test for whether spouses have separated turns on whether they are "living separate and apart." *See* Order Continuing Hearing (dkt. 264) at 2 (purporting to quote Cal. Fam. Code § 771(a)). Augustine indicated at the hearing that although he and Zainab now live separate lives, they continue to live in the same house, which suggested that they would not meet the standard for separation as articulated by the Court.

The Court's framing of the standard failed to account for a recent amendment to the applicable statute. As of January of this year, Family Code section 771(a) reads as follows: "The earnings and accumulations of a spouse . . . after *the date of separation* of the spouses, are the separate property of the spouse." Cal. Fam. Code § 771(a) (emphasis added). Family Code section 70, also enacted in January of this year, defines the term "date of separation":

> (a) "Date of separation" means the date that a complete and final break in the marital relationship has occurred, as evidenced by both of the following:
>
> (1) The spouse has expressed to the other spouse his or her intent to end the marriage.
>
> (2) The conduct of the spouse is consistent with his or her intent to end the marriage.
>
> (b) In determining the date of separation, the court shall take into consideration all relevant evidence.
>
> (c) It is the intent of the Legislature in enacting this section to abrogate the decisions in *In re Marriage of Davis* (2015) 61 Cal. 4th 846 and *In re Marriage of Norviel* (2002) 102 Cal. App. 4th 1152.

Cal. Fam. Code § 70. Although likely still relevant, whether spouses share the same residence is no longer dispositive under this definition. The Court apologizes for the error and regrets any confusion.

Zainab's letter and Augustine's statements at the hearing provide some indication that Zainab and Augustine might be separated within the meaning of section 70, but the Court will not

resolve the issue on those unsworn statements, and thus does not reach the question of whether those statements, if sworn, would be sufficient to find a separation. To mitigate any confusion caused by the Court's previous error, however, the Court will allow the parties to this dispute[2] to file sworn declarations or other evidence setting forth facts relevant to the status of Augustine and Zainab's marriage **no later than September 19, 2017**. Any party wishing to respond to an opposing party's evidence may file a short brief (not exceeding five pages) and rebuttal evidence **no later than September 29, 2017**. If no party submits cognizable evidence that Augustine and Zainab have separated, the Court intends to grant the FASIC Defendants' motion.

The Clerk is instructed to serve copies of this order by mail on Augustine and Zainab. The FASIC Defendants are instructed to do the same as to any response that they file.

**IT IS SO ORDERED.**

Dated: September 1, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] I.e., Augustine, Zainab, and the FASIC Defendants.

3