1
2
3
4        UNITED STATES DISTRICT COURT
5        NORTHERN DISTRICT OF CALIFORNIA
6
7    AUGUSTINE FALLAY,                          Case No. 08-cv-02261-CRB  (JCS)
              Plaintiff,
8
          v.                                    **ORDER DENYING MOTION FOR
9                                               WITHHOLDING ORDER**
     CITY AND COUNTY OF SAN
10   FRANCISCO, et al.,                         Re: Dkt. No. 257
11            Defendants.

12   **I.      INTRODUCTION**

13           Defendants and judgment creditors First American Specialty Insurance Company, Cindy

14   Lloyd, and Robert Dalton (collectively, "FASIC") move for issuance of a withholding order

15   against the earnings of Zainab K. Fallay to satisfy a judgment against her spouse, Plaintiff

16   Augustine Fallay.  The case has been referred to the undersigned magistrate judge for issues of

17   post-judgment collection.  *See* 1st Order of Reference (dkt. 219); 2d Order of Reference (dkt.

18   276).  The Court held a hearing on August 25, 2016, and thereafter took supplemental briefing.

19   For the reasons discussed below, the motion is DENIED.

20   **II.     BACKGROUND**

21           This order assumes the parties' familiarity with the long history of this case and FASIC's

22   attempts to collect its judgment against Augustine Fallay.  Following briefing by FASIC and

23   Augustine Fallay on the present motion, Zainab Fallay submitted a letter to the Court stating that

24   she and her husband had separated, and noted that the recent death of their son—a United States

25   military veteran who committed suicide after an honorable discharge—left her in a state where she

26   did not feel she could attend hearings in this case at that time.  *See* July 13, 2017 Letter (dkt. 263).

27   The Court continued the hearing to August 25, 2016, at which time Augustine Fallay and counsel

28   for FASIC appeared, but Zainab Fallay did not.  *See* Order Continuing Hearing (dkt. 264); Civil

1    Minute Order (dkt. 265).  FASIC filed a letter the following week indicating that the parties were

2    unable to resolve the dispute and requesting that the Court rule on the motion.  *See* Sept. 1, 2017

3    Letter (dkt. 266).

4            Recognizing that it had misstated the law regarding separation of spouses at the hearing,

5    the Court issued an order to show cause on September 1, 2017, identifying the current standard

6    under California law as looking no longer to whether the two spouses are "living separately and

7    apart," but instead to whether there has been "'a complete and final break in the marital

8    relationship,'" as indicated by one spouse having "'expressed to the other spouse his or her intent

9    to end the marriage'" and exhibiting conduct consistent with that intent.  Order to Show Cause

10   (dkt. 267) (quoting Cal. Fam. Code § 70).  Because the record at that time contained only unsworn

11   statements regarding the status of Augustine Fallay and Zainab Fallay's marriage, however, the

12   Court ordered the parties to show cause why the motion should not be granted by submitting

13   sworn declarations.  *Id.*

14           On September 19, 2017, Zainab Fallay filed a notarized response to the order to show

15   cause setting forth a number of facts that she "declare[d] . . . to be true."  Zainab Fallay's 1st

16   Response (dkt. 269).  FASIC filed a brief two days later arguing that Zainab Fallay's response was

17   not sworn—and thus failed to meet the instructions of the order to show cause—and that the facts

18   included therein failed to demonstrate separation within the meaning of Family Code section 70.

19   FASIC Response (dkt. 270).  Zainab Fallay filed a revised response on September 25, 2017

20   including substantially similar factual assertions, but now stating that she "declare[s] *under*

21   *penalty of perjury*" the following facts to be true:

22               1. That we are currently separated, and were hardly on a speaking
                 terms until the death of our son.
23

24               2. That I know nothing about the said insurance company in
                 question, Mr. Fallay's involvement with it predated my migration to
                 this country from Germany in 2000.
25

26               3. Mr. Fallay has nothing to do with my work and/or my wages.
                 Indeed he does not even know where I work. We had a joint account
                 but closed it when we separated.
27

28               4. Mr. Fallay has nothing to do with money, and I have nothing to
                 do with his. I have my separate account.

                                          2

1  | 5. I also have nothing to do with his law suit or case. I don't know
2  | the nature and/or the details of it. I have never been to his trials, except the day of his acquittal at the state court in 2007.

3  | 6. I expect nobenefit [sic] from his law suit.

4  | 7. Yes, we live in the same house, but I sleep on the top floor and
5  | he sleeps downstairs.

6  Zainab Fallay's Revised Response (dkt. 272) (capitalization altered; emphasis added).  Zainab

7  Fallay also attached a California appellate court decision that she believed to be "very similar to

8  this case." *Id.* (attaching *11601 Wilshire Assocs. v. Grebow*, 64 Cal. App. 4th 453 (1998)).

9  FASIC objects to the revised response as untimely, not meeting the requirements for a declaration

10  under penalty of perjury set forth in 28 U.S.C. § 1746, and not evincing a complete break in the

11  marital relationship.  FASIC Objection (dkt. 274).  FASIC also argues that the *11601 Wilshire*

12  decision is not applicable to the case at hand. *Id.*

13  **III.    ANALYSIS**

14      **A.    Form of Declaration**

15      FASIC objects to Zainab Fallay's revised response as untimely and as not satisfying the

16  Court's request for a sworn declaration under penalty of perjury, citing 28 U.S.C. § 1746.  FASIC

17  Obj. at 2.  Because the revised response is substantially similar to Zainab Fallay's initial response

18  except to correct the apparent oversight of failing to state that her declaration is under penalty of

19  perjury, the Court excuses the late filing.  As for § 1746, that statute provides in relevant part that

20  where "any matter is required . . . to be supported, evidenced, established, or proved by [a] sworn

21  declaration . . . such matter may, with like force and effect, be supported, evidenced, established,

22  or proved by [an] unsworn declaration," so long as the declaration is "subscribed by[the

23  declarant], as true under penalty of perjury, and dated, in *substantially* the following form:"

24  | If executed within the United States, its territories, possessions, or
25  | commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
26  | (Signature)".

27  28 U.S.C. § 1746 (emphasis added).

28      Zainab Fallay introduced the declaratory portion of her revised response as follows: "I

3

1    declare under penalty of perjury the following to be true to the best of my belief in regards with

2    my relationship with Mr. [Augustine] Fallay." Zainab Fallay's Revised Response at 1.  The

3    revised response includes a date (albeit at the beginning of the document) and concludes with

4    Zainab Fallay's signature.  *Id.* at 1, 2.  In the context of this case, where Zainab Fallay is a pro se,

5    non-attorney, nonparty litigant, the Court concludes that her signed statement that she declares

6    certain facts to be true under penalty of perjury satisfies § 1746's requirement of taking

7    "substantially" the form specified therein.

8           **B.    Motion for Withholding Order**

9           Under Rule 69 of the Federal Rules of Civil Procedure, a money judgment is enforced by a

10    writ of execution.  "The procedure on execution—and in proceedings supplementary to and in aid

11    of judgment or execution—must accord with the procedure of the state where the court is located,

12    but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).  California law

13    provides that the wages of a spouse during marriage are generally community property, and a

14    judgment creditor may move for a court to issue a withholding order against a judgment debtor's

15    spouse.  *See* Cal. Fam. Code § 760; Cal. Civ. Proc. Code §§ 695.020(a), 706.109.  Earnings after

16    spouses have separated, however, are separate property and therefore cannot be reached to satisfy

17    the other spouse's debts.  Cal. Fam. Code §§ 771(a), 913(b)(1).

18           Augustine Fallay testified at a judgment debtor examination in November of 2016 that he

19    and Zainab Fallay have been married since 2000.  Chatowski Decl. (dkt. 257-3) Ex. C at 76:8–11.

20    Zainab Fallay's most recent response to the Court's order to cause, however, states under penalty

21    of perjury that she and Augustine Fallay are currently separated, and includes specific factual

22    assertions to support that conclusion: (1) that she and Augustine Fallay "were hardly on speaking

23    terms until the death of [their] son," Zainab Fallay's Revised Response ¶ 1; (2) that Augustine

24    Fallay does not know where she works, *id.* ¶ 3; (3) that she and Augustine Fallay closed their joint

25    bank account when they separated and currently "have nothing to do with" each other's money, *id.*

26    ¶¶ 3–4; and (4) that although they live in the same house, they sleep on different floors, *id.* ¶ 7.

27    There is no evidence in the record to refute the contention that Zainab Fallay and Augustine Fallay

28    have separated.  The record therefore reflects that both spouses' conduct "is consistent with [their]

4

intent to end the marriage," and it is reasonable to infer from these facts, taken together and in the absence of evidence to the contrary, that at least one spouse at some point expressed his or her intent to end the marriage. *See* Cal. Civ. Code § 70.

## IV. CONCLUSION

The Court finds that Zainab Fallay and Augustine Fallay have separated, and does not reach the parties' remaining arguments. Because the parties have separated, Zainab Fallay's wages are her separate property, and are not subject to withholding to satisfy a judgment against Augustine Fallay. FASIC's motion for issuance of a withholding order is DENIED.

**IT IS SO ORDERED.**

Dated: November 6, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge